MADDOX, Justice.
The trial court, after hearing ore tenus evidence, found that a son whose name was placed on bank accounts and certificates of deposit of his aged and infirm mother had to account to his mother’s estate for his personal use of these funds even though the accounts and certificates of deposit were held jointly with a right of survivor-ship. We affirm the judgment on the basis of the ore tenus presumption that attaches to the trial court’s findings of fact in a nonjury case. Lynaum Funeral Home, Inc. v. Hodge, 576 So.2d 169, 170 (Ala.1991).
We have reviewed the record in this case and find ample evidence to support the trial court’s findings, which are set forth, in part, as follows:
“The principal issue raised in this proceeding concerns the liability of the Executor to account for certain funds of the decedent which originally existed as savings deposits and certificates of deposit in the sole name of the decedent at the Jefferson Federal Savings and Loan Association in Monroeville [, Alabama], During the lifetime of the decedent, the name of Billy Gaines, her son, was placed on the accounts by the decedent along with the name of the decedent. The Court finds from the evidence that there was no donative intent on the part of Maggie, the decedent, in having Billy’s name placed on the accounts with her, and that she did not intend to make a gift to Billy of any of such funds. Instead, the Court finds that Maggie’s purpose in placing Billy’s name on the accounts was to enable him to handle the funds for her support and benefit in the event she became incapacitated.
“Due to her declining physical condition, Maggie, the decedent, was later required to remove her residence to Jefferson County, Alabama, to be cared for in Billy’s home. Maggie remained in Billy’s home for approximately two years, and was then moved to a nursing home for about four months immediately prior to her death. During the time Maggie was living with Billy in Birmingham, he took control of and made disposition of all of the funds which were formerly on deposit at Jefferson Federal in Monroeville, together with Maggie’s monthly Social Security checks during the period in *611 question. Billy invested some of the funds in his own personal newspaper business in Birmingham and some of the funds were unquestionably used by Billy for Maggie’s support and maintenance.
“Counsel for the parties have made extensive, detailed arguments regarding the ownership of joint accounts, the effect of survivorship provisions, and the distinctions of ownership rules as between bank accounts and savings and loan accounts. However, the Court finds that the resolution of such legal ownership issue is not necessary in the premises because the evidence is essentially undisputed that Billy took control of the funds while in a dominant fiduciary relationship with Maggie, and that a constructive trust thereby arose between Maggie and Billy whereby Billy was obligated to reasonably utilize the funds for Maggie’s support and maintenance.
“The Court finds that Billy took control of over $80,000.00 belonging to Maggie, and that he was obligated under the constructive trust to reasonably utilize such funds for her support and maintenance. However, the Court further finds that $37,500.00 of such funds were not reasonably utilized by Billy for Maggie’s support and maintenance but were utilized by Billy for his own personal benefit and that such funds and Billy’s obligation to re-pay same constituted an asset of Maggie’s estate at the time of her death.
“The Court further finds that Billy, as Executor, was liable and obligated to disclose and account for such funds in his settlement petition, which he totally failed to do and thus breached his duty as Executor. Therefore Billy is accountable and liable to the remaining devisees in the Estate of the decedent for two-thirds of such amount, or the sum of $25,000.00, which shall include his liability for the delivery of any tangible personal property of the Estate remaining in his possession, and which takes into account the various expenses and items claimed by the Executor in his petition for final settlement, including his claim for commissions and his attorney’s fees.”
(Record at 73-76.)
The trial court’s findings are not “clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.” 576 So.2d at 170. Further, we have reviewed the authorities cited by the appellant and the arguments of his counsel, and we determine that the trial court correctly applied the existing law to its factual findings.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.